## STATE OF NORTH DAKOTA, Respondent, v. EWALD PROBST, Appellant.

(216 N. W. 576.)

**Illegitimate children — in instant case evidence supports verdict that defendant is father of child.**

In a proceeding to establish the paternity of an illegitimate child, the evidence is held sufficient to warrant the verdict of the jury.

Opinion filed December 12, 1927. Rehearing denied December 30, 1927.

Bastards, 7 C. J. § 128 p. 995 n. 58.

Appeal from the District Court of Cass County, *Cole,* J. Affirmed.

*Burdick & Shaft,* for appellant.

*John C. Pollock,* State's Attorney, and *James W. Pollock,* Assistant State's Attorney, for respondent.

PER CURIAM. This is a proceeding to establish the paternity of an illegitimate child. The appeal is from an order denying the defendant's motion for judgment non obstante or for a new trial. The record presents as the sole question the sufficiency of the evidence. The evidence may be briefly stated as follows: One Meta Schultz, who had died prior to the trial of this action, on April 4, 1924, gave birth to an illegitimate child. The defendant testified that he had known Meta Schultz for a number of years and had known her as a grown-up girl since 1921, and that they lived in the same neighborhood. In 1923, he was out of the state until the 11th of May, when he returned to Embden where both he and the girl lived. After that he saw her uptown several times; that five persons, including the defendant and Meta Schultz, went to a dance one night about the first part of June; that he saw her again on the 5th of July at another dance near town; that he was never out with her alone. He said he never had taken her to a Chautauqua entertainment at Chaffee, nor visited her at her home at any time; that he did not remember having written to her at any time or on July 3rd, but thereafter admitted writing the following letter:

"At Home

"July 3rd.

"My dear Friend:

"Just a note to ask you if it would be all right for me to call on you tonite.

"Do you think you will want to go?

"Perhaps you can in some way let me know, can you. I will be on my way to Chaffee, and perhaps you will ride with me.

"Excuse short notice but it is better than none.

"Friend

"Ewald."

The defendant said that he did not think the arrangement referred to in the letter ever materialized. He denied calling at the girl's home

on the 31st of October just previous to his leaving for an indefinite period to be spent in a distant city, but remembered that he and the girl went from Embden to Fargo on the same train. There was no member of the girl's family at the station. In Fargo they went to the same hotel where they occupied opposite rooms separated by a hall. He was expecting to leave about midnight that night. He obtained a room at the hotel for the purpose of changing his clothes so that he would not have to wear his best clothes on a long journey. He testified that he told her that her interference wasn't going to stop him from going, because he didn't feel responsible for her condition; also, that on the way in on the train she had told him that a fellow from Iowa gave her the slip and she was not going to let him (the defendant) get away from her. He further testified that the girl came into his room at the hotel but that she was only in there for a minute. The girl's mother testified that she knew of the receipt of the letter by her daughter on the 3rd of July, 1923; that the defendant came to her home on that day; that he came in the evening while it was yet daylight, driving a Ford touring car, and that they left about half past seven or eight o'clock; that there was no one else with them. She further testified that the defendant came to her home on the 31st of October, 1923, and talked with her daughter who later that day accompanied the defendant to Fargo with her consent, and that this daughter had previously given birth to an illegitimate child in 1922.

The appellant argues that the evidence is insufficient because there is no testimony to an act of intercourse between the defendant and the mother of the child; and that intercourse cannot be presumed from mere opportunity, especially where the evidence of opportunity is weak.

There is no special rule governing the sufficiency of evidence to establish paternity. It may be established by the same character of proof that would be sufficient to establish any other fact. The proof of the birth of the child itself establishes that an act of intercourse occurred at approximately the normal period of gestation preceding, so that the real question is, Is the defendant sufficiently connected with that act? While the evidence is not strong, we are unable to say that it is not so substantial as to warrant the jury in arriving at the conclusion reached. The defendant admits discussing the girl's condition with her. He admits that she accused him, or used language which he con-

strued as an accusation, and he further admits that later they went to the same hotel in a strange city; that though he expected to remain in the city only until approximately midnight they took rooms opposite and that she came to his room, and all of this took place during the early months of pregnancy. The evidence is clearly ample on the subject of an opportunity at about the normal time of conception. The jury could also properly take into consideration whether the defendant's conduct in October, after being accused of being the father of the then unborn child, was consistent with innocence or guilt. Its force as an admission was for them to determine. We are of the opinion that the evidence is sufficient.

Judgment affirmed.

BIRDZELL, Ch. J., and NUESSLE, CHRISTIANSON, BURKE, and BURR, JJ., concur.